**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| ROBERT A. GRAVES, | § | |
| (SPN #01954106) | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION H-17-3730 |
| | § | |
| HARRIS COUNTY, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND OPINION**

Robert A. Graves, an inmate of the Harris County Jail ("HCJ") sued in December 2017, alleging civil rights violations resulting from a denial of due process. Graves, proceeding pro se and in forma pauperis, sues Harris County.

The threshold issue is whether Graves's claims should be dismissed as frivolous. The Court concludes that Graves's claims lack merit and should be dismissed for the reasons stated below.

**I.      Graves's Allegations**

Graves states that he was arrested on October 11, 2017, following his efforts to render aid to the mother of his son. Graves states that the arrest took place at his home. Graves asserts that the arresting officer, C. Batey, searched Graves's person and grabbed Graves's testicles. When Graves flinched, Officer Batey threw Graves to the ground, causing injuries to his face and neck. He complains that Harris County failed to provide X-rays.[1]

---

[1] In response to the Court's interrogatories regarding the alleged denial of adequate medical care, Graves stated that he was not making such a claim. (Docket Entry No. 20, Plaintiff's More Definite Statement, pp. 3-4).

The arresting officer charged Graves with violating a protective order, and assault on a public servant with bodily injury. Graves asserts that he was denied a probable cause hearing before a magistrate judge.

Online research reveals that Graves was indicted on the following charges:

(1)     criminal mischief, greater than or equal to $100.00 and less $750.00 on October 7, 2017 in Cause Number 2171975;[2]

(2)     assault on a family member on October 7, 2017 in Cause Number 2171974;[3]

(3)     violation of a protective order on October 11, 2017 in Cause Number 2172638;[4] and

(4)     assault on a public servant on October 11, 2017 in Cause Number 1567222.[5]

In response to this Court's interrogatories, Graves indicated that he was charged with the mentioned offenses. (Docket Entry No. 20, Plaintiff's More Definite Statement, pp. 1-2).

Graves asks that the mentioned charges be dismissed. He further seeks $1,000,000.00 in compensatory damages for false imprisonment and the loss of his home. Graves states that as a result of the defendant's conduct, he missed his fiance's funeral and became involved in a custody battle for his son.

---

[2]The information charged Graves with damaging an automobile door and window on October 6, 2017, belonging to M. Rudulph. (See Attachment 1).

[3]The information charged Graves with striking Shanika Johnson, a person with whom Graves had a dating relationship, with his fists on October 6, 2017. (See Attachment 2).

[4]The information charged Graves with violating a magistrate's order for emergency protection, by going to a residence of a protected individual. (See Attachment 3).

[5]The indictment charged Graves with injuring C. Batey, a person Graves knew to be a public servant, while Batey was arresting Graves for violating a protective order. The indictment charged Graves with biting C. Batey. (See Attachment 4).

## II.    Discussion

A federal court has the authority to dismiss an action in which the plaintiff is proceeding in forma pauperis before service if the court determines that the action is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i). A complaint is frivolous if it lacks an arguable basis in law or fact. *See Denton v. Hernandez,* 504 U.S. 25, 31 (1992); *Richardson v. Spurlock,* 260 F.3d 495, 498 (5th Cir. 2001)(citing *Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir. 1997)). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott,* 157 F.3d 1003, 1005 (5th Cir. 1998) (quoting *McCormick v. Stalder,* 105 F.3d 1059, 1061 (5th Cir. 1997)).

Graves complains that his arrest was illegal because it was not based on probable cause. On-line records show that a grand jury of the 208th Judicial District Court of Harris County, Texas indicted Graves for assault on a public servant. "An arrest is unlawful unless it is supported by probable cause." *Flores v. City of Palacios,* 381 F.3d 391, 402 (5th Cir. 2004). "Probable cause exists when the totality of facts and circumstances within a police officer's knowledge at the moment of arrest are sufficient for a reasonable person to conclude that the suspect had committed or was committing an offense." *Ramirez v. Martinez,* 716 F.3d 369, 375 (5th Cir. 2013).

The probable cause inquiry focuses on the validity of the arrest, not the validity of each individual charge made during the course of the arrest. *See Price v. Roark,* 256 F.3d 364, 369 (5th Cir. 2001); *Wells v. Bonner,* 45 F.3d 90, 95 (5th Cir. 1995). A grand jury indictment is sufficient to establish probable cause. *See Gerstein v. Pugh,* 420 U.S. 103, 117 n.19 (1975). When the facts supporting an arrest "are placed before an independent intermediary such as a magistrate or grand jury, the intermediary's decision breaks the chain of causation for false arrest, insulating the initiating

3

party." *Cuadra v. Hous. Indep. Sch. Dist.*, 626 F.3d 808, 813 (5th Cir. 2010). The chain of causation remains intact, however, if "it can be shown that the deliberations of that intermediary were in some way tainted by the actions of the defendant." *Hand v. Gary,* 838 F.2d 1420, 1428 (5th Cir. 1988). In other words, "the chain of causation is broken only where all the facts are presented to the grand jury, where the malicious motive of the law enforcement officials does not lead them to withhold any relevant information from the independent intermediary . . . ." *Id.* at 1427–28.

Because the grand jury indicted Graves, he must show that Harris County tainted the grand jury's deliberations in some way. There is no evidence, however, that Harris County played any role in the indictment process. Online research reveals that a magistrate judge found probable cause to arrest and detain Graves on October 12, 2017.[6] Graves's claim against Harris County for false arrest is dismissed with prejudice as frivolous.

In addition, to the extent that Graves asks this Court to intervene in an ongoing criminal proceeding and dismiss the charges against him, his claims are barred by the doctrine set out in *Younger v. Harris*, 401 U.S. 37, 43-45 (1971), which holds that federal courts cannot interfere in state criminal proceedings unless extraordinary circumstances are present. This doctrine, which is alternately called "abstention or nonintervention," is based on considerations of equity, comity, and federalism. *DeSpain v. Johnston*, 731 F.2d 1171, 1175-76 (5th Cir. 1984). Graves does not allege facts showing that exceptional circumstances are present or that federal court intervention is otherwise warranted. For this additional reason, the complaint is dismissed.

---

[6] A docket sheet from the 230th Judicial District Court of Harris County, Texas, shows that probable cause was found on October 12, 2017. (See Attachment 5).

4

## III. Conclusion

The action filed by Robert A. Graves (SPN #01954106) lacks an arguable basis in law. His claims are DISMISSED with prejudice under 28 U.S.C. § 1915(e)(2)(B)(i).

The HCJ must continue to deduct twenty percent of each deposit made to Graves's inmate trust account and forward payments to the Court on a regular basis, provided the account exceeds $10.00, until the filing fee obligation of $350.00 is paid in full.

The Clerk will provide a copy of this order by regular mail, facsimile transmission, or e-mail to:

(1) the TDCJ - Office of the General Counsel, Capitol Station, P.O. Box 13084, Austin, Texas 78711, Fax: 512-936-2159;

(2) Thomas Katz, Manager of the Inmate Trust Fund, 1200 Baker Street, Houston, Texas 77002, Fax 713-755-4546; and

(3) the Manager of the Three-Strikes List for the Southern District of Texas at: Three_Strikes@txs.uscourts.gov.

SIGNED at Houston, Texas, on _____ DEC 0 6 2018 _____.

_____
ALFRED H. BENNETT
UNITED STATES DISTRICT JUDGE